## EX PARTE F. M. FATHEREE.

### *No. 768.    Decided June 12.*

1.  **Dying Declarations—Evidence Against Husband by Divorced Wife.—**
On a habeas corpus proceeding for bail, after indictment of a father for murder of his
daughter, *Held*, that the dying declarations of the daughter made to her mother, to
the effect that her father had caused her death, could be proved by the wife and
mother, who had subsequent to said declarations been divorced from her husband.

2.  **Same—Evidence of, How far Admissible.—**Dying declarations are not ad-
missible to prove that defendant was the father of his dying daughter's child, but if,
at the time he was inflicting the injury upon the deceased which caused her death,
he had stated he was the father of her child, such fact could be proved by dying
declarations.

3.  **Same—Sanity of Declarant.—**To render dying declarations admissible as evi-
dence, the sanity of the declarant at the time of making the declarations must be sat-
isfactorily proved.

4.  **Murder—Abortion—Express Malice.—**A homicide committed in procuring,
or attempting to procure an abortion is not murder per se under our statute.    The in-
tent to kill is a necessary element of murder of the first degree; and where the homi-
cide was the result of an abortion, in order to sustain a charge of murder of the first
degree, the evidence must establish that the killing was upon express malice.

APPEAL from the District Court of Rockwall. Tried below before Hon. J. E. DILLARD.

This is an appeal from a refusal of bail after an indictment for murder.

The facts are sufficiently stated in the opinion.

No briefs have come to the hands of the Reporter.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is an application for bail under an indictment for murder. Bail was refused, and appellant appealed. The theory of the State is, that appellant's daughter was pregnant by him. That he inserted a knitting needle in the womb for the purpose of killing the foetus or child. This was done to procure an abortion. That the daughter died from this attempt to commit an abortion, and hence the father (appellant) was guilty of the murder of his daughter, as charged in the indictment. If these facts were proven, or in other words, if this thing was in fact true, applicant would be guilty of murder. When the daughter died, and at the time the needle was inserted into her womb, appellant was married to Emma Fatheree. When this trial was had, they were divorced. The prosecution relied almost entirely upon the dying declarations of the deceased for evidence to sustain the charge. Her mother, and former wife of appellant, over objections of appellant, related to the court these declarations of the deceased. Could the dying declarations of deceased be proved by the wife of the appellant? They could after the marriage had been dissolved, but not while it existed. The statements made by deceased to her mother (dying declarations) were not communications made by the husband (appellant) to his wife, Emma Fatheree. In view of the trial to come, we call attention to no matters pertaining to the dying declarations of the deceased. That the appellant was the father of the child can not be proved by dying declarations. If, at the time he was inflicting the injury upon deceased, he had stated that he was the father of the child, this fact could be proved by dying declarations. There was no evidence adduced relative to the mental condition of the deceased when she made her dying statements. "It must be satisfactorily proved that she was of sane mind at the time of making the declarations." It is true that if the death of the mother was occasioned by an abortion so produced, or by an attempt to effect the same, it is murder, but it does not follow by any means that it would be murder in the first degree. This murder was not committed by poison or torture or in the attempt at the perpetration of arson, rape, robbery, or burglary. There is no law making it murder in the first degree per se if the homicide was committed in procuring or attempting to procure an abortion. Appellant did not intend to kill the deceased, which is a necessary element of murder in the first degree, unless com-

mitted in the perpetration of certain offenses named in the code.  We are not to be understood as holding that in no case could murder in the first degree be committed in procuring an abortion.  Abortion is not one of those named offenses.  Hence the State, to sustain the charge of murder in the first degree, must establish the fact that the killing was upon express malice.  This must be evident from the proof.

Judgment reversed, and the applicant allowed bail in the sum of $5000.

*Reversed, and bail allowed.*

Judges all present and concurring.